UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| VIRGINIA L. HART | Civil Action No. 17-11267 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| TARGET CORPORATION, | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court upon Plaintiff's filing a motion to remand the case (Docket No. 2), which Defendant opposes (Docket No. 3). The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion is granted, and this Court orders the case remanded to the Superior Court of New Jersey.

I. PROCEDURAL BACKGROUND

In May 2016, Plaintiff Virginia L. Hart ("Plaintiff") filed a complaint in the Superior Court of New Jersey against Defendant Target Corporation ("Defendant") and Michael Boger ("Boger"[1]) for a slip-and-fall accident that occurred in one of Defendant's New Jersey retail

---

[1] The parties spell this name different. Comp. 'Boger' in Plaintiff's motion for remand, 'Borger' in Defendant's reply, and 'Borg' in Plaintiff's original complaint. The spelling of the name of non-party Boger does not affect the following analysis.

1

locations where Boger was store manager.[2] Plaintiff and Boger are both New Jersey residents, and Defendant is incorporated and has its principal place of business in Minnesota.

On August 14, 2017, Boger filed a motion for summary judgment, which Judge Maryann Nergaard granted by order dated October 20, 2017. On November 6, 2017, Defendant filed a notice of removal to the U.S. District Court for the District of New Jersey, based on diversity jurisdiction under 28 United States Code § 1332. Within thirty days, Plaintiff filed the timely motion to remand at bar.

## II. LEGAL STANDARD

28 United States Code § 1446 provides the procedures and requirements for defendants to remove civil cases from state court to federal district court. One condition for removal is that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c). Since Defendant's notice of removal under diversity jurisdiction was filed more than one year after Plaintiff filed her complaint, removal is improper under this statute unless this Court finds that Plaintiff acted in bad faith to prevent removal. 28 U.S.C. § 1446(c); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) ("[I]n the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.").

As the removing party, Defendant "carries a heavy burden of persuasion in making this showing" that Plaintiff acted in bad faith to prevent removal. Batoff, 977 F.2d at 851 (internal

---

[2] The facts and procedural background in this section are predominantly taken from Plaintiff's motion, which Defendant concedes that it does not dispute.

citations omitted). Bad faith is satisfied where "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Batoff, 977 F.2d at 851 (internal citations omitted). However, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. at 851. Only if the claims are "not even colorable, i.e., were wholly insubstantial and frivolous" may the federal court find bad faith preventing remand. Id. at 851.

When assessing whether plaintiff's claims are colorable, the "district court must assume as true all factual allegations of the complaint." Id. at 851-2. Further, under Third Circuit law, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

When remanding a case for lack of subject matter jurisdiction, the district court may award "payment of just costs and any actual expenses, including attorney fees" incurred by the parties as a result of improper removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The award of attorneys fees under § 1447 is left to the district court's discretion. Id. at 138.

### III. DISCUSSION

In its papers, Defendant appears to advance two arguments for why the bad faith exception to the one-year removal limitation is warranted in this case. First, Defendant argues

3

that Plaintiff engaged in fraudulent joinder, as Boger "was fraudulently joined at the outset of the case for no other purpose than to defeat diversity [jurisdiction]." Docket No. 3, 5. Second, Defendant argues that Plaintiff had no good faith basis to prosecute the action against Boger. Docket No. 3, 4 (claiming that "the facts do not support plaintiff's assertion" that "she diligently prosecuted the claim against Michael Borger"). The only evidence Defendant provides for either argument is that Plaintiff did not notice the deposition of Boger until August 18, 2017, or four days after Boger had filed his motion for summary judgment. Since neither argument is compelling or supported by Third Circuit case law, this Court will grant Plaintiff's motion and order the case remanded to the Superior Court of New Jersey.

With respect to the fraudulent joinder argument, Defendant provides no Third Circuit case law supporting the proposition that Plaintiff's state law claims against Target store manager Boger were "wholly insubstantial and frivolous," or that there was not "even a possibility" that Plaintiff's state law claims against Boger were colorable. As noted above, this Court must assume that the factual allegations in Plaintiff's complaint are true when assessing Defendant's fraudulent joinder claim. In her complaint, Plaintiff alleges that Boger was the store manager of the Target retail store, and that he was "responsible for oversight of safety and maintenance in the store premises" at the time of Plaintiff's slip-and-fall accident. Docket No. 2-2, 4. Assuming that these factual allegations are true, Plaintiff's state law claims against Boger fall well short of the high "wholly insubstantial and frivolous" standard for fraudulent joinder. The fact that Judge Nergaard ultimately granted summary judgment for Boger, after the close of discovery, does not render Plaintiff's state law claims against Boger "wholly insubstantial and frivolous."

In fact, the procedural timeline for Judge Nergaard's handling of the summary judgment motion underscores how Plaintiff's claims against Boger do not satisfy the "wholly insubstantial

4

and frivolous" standard for fraudulent joinder. Judge Nergaard granted summary judgment as to Boger only after Boger's deposition and after the conclusion of discovery. And, when deciding the summary judgment motion, Judge Nergaard had the parties appear for oral argument. Such oral argument would not be necessary to dismiss "wholly insubstantial and frivolous" claims.

With respect to Plaintiff's good faith prosecution against Boger, Defendant's argument again fails. The only evidence Defendant cites for Plaintiff's lack of good faith prosecution against Boger is that Plaintiff did not notice his deposition until after Boger had filed a motion for summary judgment. Defendant provides, however, no Third Circuit case law indicating that such a practice constitutes a lack of good faith prosecution. Defendant filed no motion to dismiss the complaint as to Boger for failure to state a claim upon which relief can be granted, so Plaintiff's claims against Boger were not dismissed before the start of discovery. As such, even if the claims against Boger were wholly insubstantial, Defendant's own motion practice is partially responsible for Boger continuing to be a party well past the one-year statute of limitation for removal.

Plaintiff argues that it should be awarded attorneys fees in connection with its motion for remand, because "there is not one indicia of evidence of bad faith present here . . . which could satisfy Defendant's high burden of persuasion required for removal," and thus "there was no objectively reasonable basis for Defendant to have sought removal." Docket No. 2, 17. In its opposition papers, however, Defendant provides one basis for the fraudulent joinder of Boger. Namely, that Judge Nergaard granted summary judgment to remove Boger from the suit. While this Court finds that such argument fails to satisfy Defendant's heavy burden of persuasion under Batoff, this argument nevertheless provides one, albeit uncompelling, basis for removal. As such,

5

in its discretion, this Court will not grant attorneys fees to Plaintiff in connection with its motion for remand.

## IV. CONCLUSION

Defendant has failed to meet its "heavy burden" of demonstrating that Plaintiff's claims against New Jersey resident Boger lacked a "reasonable basis in fact or colorable ground," but instead were "wholly insubstantial and frivolous." Nor does Defendant satisfy such a "heavy burden" in demonstrating that Plaintiff lacked a good faith basis to prosecute its claims against Boger, merely because she noticed the deposition after Boger had filed a motion for summary judgment. As such, this Court grants Plaintiff's motion to remand, but does not grant Plaintiff attorneys fees incurred in connection with the motion. An appropriate order shall ensue.

    /s Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

Dated: January 16, 2018